## Bohannon and Pearce *vs* Kerr, &c.

APPEAL FROM THE LOUISVILLE CHANCERY COURT.

*Fraudulent Purchases.    Jurisdiction.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

CHANCERY.

*Case* 30.

*December* 7.

THE principal question presented for revision in this case is, whether the Chancellor erred in rendering a decree *in personam*, against Pearce and Bohannon, for the stipulated price of hogs bought by them from Kerr and Stringer, to be paid on delivery, but the payment of which, they had by various devices, and under false pretences, evaded until the consignees, Giger & Co. had slaughtered the hogs.

That decree is, in our opinion, maintainable, either on the first section of the statute of 1838, entitled "an act the better to provide against fraudulent purchases," &c. (*Session Acts,* 212,) or on the general principles of equity.

The enactment referred to, authorizes a Bill in Chancery, and a decree for rescinding a contract of purchase, made with the fraudulent intent of not paying for the property bought, and for a restoration of such property, or *for compensation therefor.*

The facts in this case authorize the deduction, that Pearce and Bohannon intended, fraudulently, to obtain the possession of the hogs, and convert them to their own profit, without paying for them, according to the terms of their contract of purchase. The bill charges that fact, and prays for a rescission of the contract, and for general relief. It would but uselessly encumber this opinion, to collate and analyze the facts which, as just suggested, conduce satisfactorily to the conclusion, that the appellants intended, surreptitiously, to procure the hogs without paying for them. Such being our deduction, the law of the case will alone be considered.

Now, according to the tenor and effect of the act of 1838, it does appear to us that, as the hogs had been converted into pork, so as to prevent a restoration of them

*The statute of 1838, Ses. Acts, 211, authorizes courts of chancery to rescind contracts made with the fraudulent intent of not paying for the property bought, and a restoration of such property or compensation therefor.*

*If property, so purchased, be so changed that it cannot be restor-*

ed in kind, Chancellor may decree in *personam* against the purchaser the value thereof.

The price agreed to be given in such cases is *prima facie*, the value.

in kind, the Chancellor had a clear right to decree the payment of full compensation in money.   And therefore, as the contract price should be deemed *prima facie*, the value of the hogs, the Chancellor had a right to decree, as he did, the payment of that sum.

Waiving all question as to the right of stoppage *in transitu*, on account of the apprehended insolvency of the purchasers, we are well satisfied that the delivery to the consignees, was on the implied condition of immediate payment of the stipulated price.   And on that ground, the vendors retained a lien on the hogs for the price, and had a right to consider the vendors as holding them on an implied trust for securing payment.   This just principle of equity, is recognized in the analagous case of *Bainbridge* vs *Caldwell et al.* (4 *Dana*, 211.)

Therefore, without the statute of 1828, the Chancellor had jurisdiction in this case, to enjoin the removal of the pork, and enforce the lien or the direct payment of the amount due.

In the details of the decree, as rendered, either as to the sum due, or other matters, we perceive no substantial error to the prejudice of the appellants.

Wherefore, the decree is affirmed.

*H. Marshall* for appellants:  *C. A. Wickliffe and Grigsby* for appellees.